E-FILED on    2/21/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, EX REL. BILL LOCKYER, Attorney General of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CRUZ; GAIL PELLERIN in her Official Capacity as County Clerk and Registrar of Voters of the County of Santa Cruz, and DOES 1 through 10,<br><br>Defendants. | No. C-05-04708 RMW<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT; GRANTING PLAINTIFF'S MOTION TO REMAND FIRST CAUSE OF ACTION<br><br>**[Re Docket Nos. 17, 19, 23, 24, 38, 40]** |

Defendants County of Santa Cruz and Gail Pellerin move to dismiss both causes of action against them. Plaintiff Bill Lockyer, in his capacity as Attorney General of California, moves to remand to state court only his first cause of action, for violation of California Elections Code § 11280. For the reasons set forth below, the court denies the defendants' motion to dismiss in part and grants the plaintiff's motion to remand.

**I. BACKGROUND**

On October 21, 2005, California Attorney General Bill Lockyer, on behalf of all Californians, instituted proceedings against the County of Santa Cruz and its County Clerk, Gail

1  Pellerin.  Lockyer sought (1) a writ of mandate under California Code of Civil Procedure § 1085
2  requiring the defendants to comply with California Elections Code § 12280 and the California
3  Secretary of State's guidelines for accessibility by individuals with physical disabilities and
4  (2) injunctive relief preventing defendants from violating portions of the Americans with Disabilities
5  Act ("ADA"), 42 U.S.C. § 12131-12134, and regulations promulgated thereunder, the ADA
6  Accessibility Guidelines ("ADAAG"), 28 C.F.R. pt. 36, app. A.  On November 16, 2005, the
7  defendants removed the action to this court.
8      The defendants move to dismiss both causes of action under Federal Rule of Civil Procedure
9  12(b)(6).  Lockyer moves under 28 U.S.C. § 1367(c) to remand his first cause of action—in which
10 he seeks a writ of mandate—to state court, claiming that it raises a novel issue of state law.

## II. ANALYSIS

### A. Jurisdiction

The complaint contains a cause of action for violation of a federal statute, the ADA.  This court would thus have had original jurisdiction over that cause of action, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over the other cause of action in the complaint, for violation of California Elections Code § 12280, as it is part of the same controversy, *see* 28 U.S.C. § 1367(a).  "[A] claim involving federal constitutional rights may be joined to a California mandamus action." *Manufactured Home Comtys. v. City of San Jose*, 420 F.3d 1022, 1027 n.6 (9th Cir. 2005).  This court therefore has jurisdiction over the removed action.  *See* 28 U.S.C. § 1441(b).

Lockyer is pursuing this action on behalf of the people of California in his capacity as Attorney General of the state.  Compl. at 2.  The defendants do not challenge Lockyer's ability to bring this action as *parens patriae*.  Def.'s Mem. of Points & Authorities in Supp. of their Mot. to Dismiss Compl. at 12 n.4.  The court will accept Lockyer's standing to bring his claim under the ADA at this time.  *See New York ex rel. Spitzer v. County of Delaware*, 82 F. Supp. 2d 12 (N.D.N.Y. 2000).

### B. Defendants' Motion to Dismiss ADA Cause of Action

The defendants attack Lockyer's ADA cause of action as insufficiently pled and seek dismissal under Federal Rule of Civil Procedure 12(b)(6).  A motion to dismiss under Rule 12(b)(6)

1  cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in
2  support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (1957).
3  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts
4  alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th
5  Cir. 1990).

6      Lockyer alleges that defendants have violated Title II of the ADA. *See* Compl. ¶ 39. The
7  complaint contains specific details of polling sites that do not comply with the ADAAG. *Id*. ¶¶ 19-
8  27. "To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he
9  is a qualified individual with a disability; (2) he was either excluded from participation in or denied
10 the benefits of a public entity's services, programs or activities, or was otherwise discriminated
11 against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by
12 reason of his disability." *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978
13 (1997).

14     Defendants claim that the ADA cause of action should be dismissed because (1) the ADAAG
15 applies only to buildings constructed or altered after 1992, and the complaint does not specify which
16 (if any) of the polling sites surveyed were constructed or altered after 1992; and (2) there is no
17 allegation that the Santa Cruz voting program as a whole is inaccessible to disabled voters. While
18 the complaint is lacking in certain specifics that would clarify Lockyer's ADA cause of action, this
19 does not render dismissal under Rule 12(b)(6) appropriate. The complaint does not foreclose
20 Lockyer from proving qualified individuals were prevented from voting by the ADAAG violations
21 he enumerates. It is not "beyond doubt that" Lockyer "can prove no set of facts in support of his
22 claim" that the defendants have violated the ADA. *See Conley*, 355 U.S. at 45. Defendants' motion
23 to dismiss the second cause of action is denied.

24     These are, however, sophisticated parties litigating a complex cause of action. The court
25 therefore orders the plaintiff to provide the defendants with the information they seek: (1) a list of
26 which buildings were built or modified after 1992 and (2) the scope of the plaintiff's claim (if any)
27 that the Santa Cruz voting program was inaccessible to disabled voters as a whole.

28

**C. Lockyer's Motion to Remand California Elections Code Cause of Action**

Lockyer moves to remand his cause of action for violation of California Elections Code § 12280 (over which this court has supplemental, rather than original, jurisdiction) to the California Superior Court. Lockyer claims remand is appropriate under 28 U.S.C. § 1367(c). A district court has broad discretion to remand a claim over which is has only supplemental jurisdiction if

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. 1367(c); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-74 (1997); *O'Connor v. Nevada*, 27 F.3d 357, 362 (9th Cir. 1997). When considering whether to remand a cause of action, a court must consider whether remand will promote "the values of economy, convenience, fairness, and comity." *Executive Software N. Am., Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 24 F.3d 1545, 1553 (1994).

Whether Lockyer even has standing to pursue his § 12280 claim appears to be a novel issue of California law. The defendants have moved to dismiss this claim, asserting that California Government Code § 12172.5 grants the California Secretary of State exclusive authority to enforce California's election laws. Lockyer claims that the California Constitution (specifically Article V, § 13) gives him standing to assert his § 12280 claim. Other courts have found that the California Attorney General lacks standing to enforce certain laws when such authority had been delegated to other officials. *See*, *e.g., California v. Altus Fin.*, 36 Cal. 4th 1284, 1302-09 (2005). Because there is no case law on whether California Government Code § 12172.5 precludes the California Attorney General from instigating suits under Elections Code § 12280, this is a novel issue of state law under 28 U.S.C. § 1367(c)(1).

This cause of action also qualifies as an "exceptional circumstance" under 28 U.S.C. § 1367(c)(4). The case is essentially an internal dispute between two segments of the California

1 state government, the Attorney General and the County of Santa Cruz. Although economy and
2 convenience favor having Lockyer's two causes of action heard before the same court, comity
3 overwhelmingly favors allowing California to handle its internal disputes in its own court system.
4 Remand of the Elections Code § 12280 cause of action is appropriate here.

### III. ORDER

For the foregoing reasons, the court

1. denies the defendants' motion to dismiss plaintiff's ADA cause of action;
2. orders the plaintiff to, within thirty days of this order and as an initial required disclosure,
   a. provide the defendants with a list of which buildings were built or modified after 1992 and
   b. indicate the scope of the plaintiff's claim (if any) that the Santa Cruz voting program was inaccessible to disabled voters as a whole;
3. and does not consider the defendants' motion to dismiss plaintiff's Elections Code § 12280 cause of action, and instead grants plaintiff's motion to remand that claim to the Superior Court for the County of Santa Cruz.

The clerk of this court shall, pursuant to 28 U.S.C. § 1447(c), mail a certified copy of this order to the clerk of the Superior Court for the County of Santa Cruz.

DATED:      2/21/06                        /s/ Ronald M. Whyte
                                           RONALD M. WHYTE
                                           United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Angela Sierra
Nancy A. Beninati          nancy.beninati@doj.ca.gov

**Counsel for Defendants:**

Jason Michael Heath        Jason.Heath@co.santa-cruz.ca.us
Dana McRae

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     2/21/06          /s/ JH
                                **Chambers of Judge Whyte**